UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JACKIE FLUAITT, ERIC ASKREN,<br>TIM SNYDER, JEFFERY UTTECHT,<br>and JOENNE McGERR,<br><br>　　　　　Defendants. | No. CV-12-5017-CI<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO COMPEL PRODUCTION<br>REQUEST, DENYING PLAINTIFF'S<br>MOTION IN OBJECTION, AND<br>GRANTING PLAINTIFF'S MOTION<br>FOR CONTINUANCE |

BEFORE THE COURT is an *ex parte* document submitted by Defendant in response to the court's ruling on Plaintiff's Motion to Compel, ECF No. 86, 87; Plaintiff's "Motion in Objection of the Ruling of Magistrate Cynthia Imbrogno on How Depositions Will Be Taken," ECF No. 96; Plaintiff's Motion to continue the hearing on summary judgment; ECF No. 100; and Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Objection to Ruling of Magistrate, ECF No. 104.  The Motions are consolidated and heard on the date signed below.  Plaintiff, an inmate in the custody of the Washington State Department of Corrections at Monroe Correctional Complex, Twin Rivers Unit, is proceeding *pro se* and *in forma pauperis*.  Defendants are represented by Assistant Attorneys General Candie M. Dibble and Kevin C. Elliot.  The parties have not consented to proceed before a magistrate judge.

Plaintiff, a practitioner of the Islamic Faith, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Religious Land

ORDER DENYING PLAINTIFF'S MOTION IN OBJECTION, DENYING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION REQUEST, AND GRANTING PLAINTIFF'S
MOTION FOR CONTINUANCE - 1

Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc. He alleges Defendants prevented religious conduct mandated by his faith. He seeks declaratory and injunctive relief and monetary damages. ECF No. 8.

**A. Motion to Compel, ECF No. 23: Supplemental Ruling on Request for Production No. 1**

On January 9, 2013, the court granted in part Plaintiff's motion to compel discovery and ordered an *in camera* review of emails withheld by Defendants under the work product privilege. *See* ECF No. 86. Defendants timely submitted the disputed emails and reiterated their position that these documents were prepared by named parties in anticipation of litigation. A document created in anticipation of litigation is one that "would not have been generated but for the pendency or imminence of litigation." *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.,* (*Torf*), 357 F.3d 900, 907 (9th Cir. 2004). The document may be prepared by a party. *Id*. The court has examined the withheld emails and finds they fall under the work product doctrine as they are between two named Defendants and discuss Plaintiff's allegations, related prison policy, the eventuality of litigation, and possible defenses. Therefore, the withheld emails are work product and not discoverable. Accordingly, Plaintiff's Motion to Compel Production Request No. 1 is **DENIED**. FED. R. CIV. P. 26(b)(3).

**B. Motion in Objection of Magistrate Judge's Ruling, ECF No. 96, and Motion to Strike Defendants Response, ECF No. 104**

On January 9, 2013, the court denied Plaintiff's request for an Order directing Defendants to facilitate oral depositions in the

ORDER DENYING PLAINTIFF'S MOTION IN OBJECTION, DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION REQUEST, AND GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE - 2

1  prison. ECF No. 86. In his "Motion in Objection," Plaintiff asks
2  the court to reverse the ruling because he now has funds to pay for
3  cassette tapes required for oral depositions.

4  A magistrate judge has the power to "hear and determine any
5  pretrial matter pending before the court" with certain enumerated
6  exceptions not at issue here. 28 U.S.C. § 636(b)(1). A magistrate
7  judge's ruling on a discovery matter may be reconsidered by the
8  court only where there has been a showing that the magistrate
9  judge's order "is clearly erroneous or contrary to the law." *Id*.
10  Because Plaintiff makes no such showing, Plaintiff's Motion in
11  Objection of the undersigned's ruling is **DENIED**. Even if this court
12  construes Plaintiff's "Motion in Objection" as a timely filed Motion
13  for Reconsideration, it is without merit.

14  A motion for reconsideration is "an extraordinary remedy to be
15  used sparingly in the interests of finality and conservation of
16  judicial resources." *Carroll v. Nakatani*, 342 f.3d 934, 945 (9th
17  Cir. 2003). The court will grant a motion for reconsideration only
18  upon a showing of newly discovered evidence,[1] clear error, or an
19  intervening change in controlling law. *389 Orange St. Partners v.
20  Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff is unable to
21  make a showing that any of these circumstances apply. Accordingly,
22  Plaintiff's Motion, construed as a Motion for Reconsideration, is

---

[1] Plaintiff's change of circumstances regarding access to funds to buy cassette tapes is not newly discovered evidence. In addition, his ability to buy cassette tapes does it affect the court's refusal to order deposition procedures where, as here, alternative methods are available.

ORDER DENYING PLAINTIFF'S MOTION IN OBJECTION, DENYING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION REQUEST, AND GRANTING PLAINTIFF'S
MOTION FOR CONTINUANCE - 3

**DENIED**, and the January 9, 2013, Order stands.  Plaintiff's Motion to Strike Defendants' Response, ECF No. 104, is **DENIED**.

**C.   Motion for Continuance, ECF No. 100**

Defendants' filed a Motion for Summary Judgment with supporting documentation and briefing on November 28, 2012.  ECF No. 65-69.  A *Notice to Pro Se Litigants of Summary Judgment Rule Requirements* was sent to Plaintiff by Defendants and by the Clerk of the Court on November 28, 2012.  ECF No. 71, 72.  The Motion was set for hearing on January 18, 2013.  ECF No. 70.  Plaintiff moved for a continuance on December 18, 2012, and the hearing was reset for February 19, 2013.  ECF No. 81.  On January 2, 2013, Plaintiff filed his Motion for Summary Judgment and Response to Defendants' Motion for Summary Judgment, supported by exhibits and Statement of Facts.  ECF No. 82-84.

On February 21, 2013, Plaintiff filed this Motion to Continue the hearing on summary motion, indicating delays in prison approval for inmate to inmate correspondence have prevented him from obtaining witness declarations to support his Motion for Summary Judgment.  ECF No. 100.  Plaintiff submits a letter from Grievance Coordinator M. Fairchild stating that delay in processing Plaintiff's November 2012 requests for inmate correspondence was not Plaintiff's fault.  ECF No. 100, Exhibit 1.

Defendants oppose further continuation, noting that both parties have filed and served Motions for Summary Judgment with supporting briefing and exhibits.  ECF No. 102.  However, in view of evidence that prison procedures delayed Plaintiff's ability to obtain supporting evidence, a continuance is reasonable.

Accordingly, Plaintiff's Motion for Continuance is **GRANTED**.

**IT IS ORDERED**:

1. Plaintiff's Motion to Compel Production Request No. 1 is **DENIED.**

2. Plaintiff's Motion in Objection of the Ruling of Magistrate Cynthia Imbrogno on How Depositions Will be Taken, **ECF No. 96**, is **DENIED.**

3. Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Motion in Objection, **ECF No. 104,** is **DENIED**;

4. Plaintiff's Motion for Continuance of Summary Judgment hearing, **ECF No. 100**, is **GRANTED.**

5. Summary Judgment Hearing without oral argument is reset for **APRIL 29, 2013. No further continuances shall be granted.**

The Court Executive is directed to file this Order and provide copies to Plaintiff and counsel for Defendants.

DATED April 18, 2013.

<pre>
                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE
</pre>