UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER WILLIAMS,<br><br>            Plaintiff,<br><br>      v.<br><br>JACKIE FLUAITT, et al.,<br><br>            Defendants. | No. 2:12-CV-5017-JTR<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION |

**BEFORE THE COURT** is Plaintiff's Rule 60(b) motion for reconsideration. ECF No. 149. Plaintiff appears *pro se*. Defendants are represented by Candie M. Dibble and Joseph T. Edwards.

On December 23, 2013, the Court entered an order adopting the Magistrate Judge's report and recommendation and granting Defendants' motion for summary judgment, denying Plaintiff's motion for summary judgment, dismissing the complaint with prejudice and closing the file. ECF No. 130. Judgment was entered on December 23, 2013. ECF No. 131. On February 14, 2014, Plaintiff appealed the Court's December 23, 2013 order and judgment to the United States Court of Appeals for the Ninth Circuit. ECF No. 141. On May 27, 2014, more than three months after filing the notice of appeal and more than five months after judgment was entered, Plaintiff moved this Court to reconsider the December 23, 2013 order under Rule 60(b) and set aside the judgment. ECF No. 149.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *U.S. v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993); *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). When a judgment is appealed, jurisdiction over the case passes to the appellate court. *Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982). An exception to this general rule has been recognized under specific statutory authority. Pursuant to Fed.R.App.P. 4(a)(4), the district court may retain jurisdiction if a party files a motion for relief under Rule 60 "if the motion is filed no later than 28 days after the judgment is entered." Fed.R.App.P. 4(a)(4)(vi). Plaintiff's Rule 60 motion does not satisfy the requirements of Fed.R.App.P. 4(a)(4)(vi). The Court thus lacks jurisdiction to address Plaintiff's motion for reconsideration.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Rule 60(b) motion for reconsideration, **ECF No. 149**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to Plaintiff and counsel for Defendants.

**DATED** this ___4th___ day of June, 2014.

*s/Lonny R. Suko*

Lonny R. Suko
Senior United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 2